UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF EQUITY ONE ABS, INC MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-3, Plaintiff, v. GERARDO MURILLO and ESPERANZA FINANCIAL SERVICES, INC. Defendant. | Case No. 12-cv-6726 Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

This mortgage foreclosure action is before the Court on plaintiff's motion for summary judgment. For the following reasons, plaintiff's motion for summary judgment is granted. Plaintiff's motion for the appointment of special commissioner is also granted.

**Background**

On March 9, 2004 Esperanza Financial Services, Inc. ("Esperanza") loaned Defendant Gerardo Murillo ("Murillo") $136,000.00. Murillo executed a Note in favor of Esperanza promising to repay the debt at a 7.26% yearly interest rate. Murillo agreed to make monthly payments of $928.68 on the first of the month beginning May 1, 2004. Murillo also agreed to pay taxes, insurance, and any other escrow items applicable to the loan.

On March 25, 2004, Esperanza secured its interests in the Note by filing a Mortgage with the Lake County Recorder, covering the property described as: LOT 3 IN EDWARD'S SUBDIVISION OF PART OF SECTION 21, TOWNSHIP 45 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JULY 2, 1904 AS DOCUMENT 95507, IN BOOK "F" OF PLATS, PAGE 68, IN LAKE COUNTY, ILLINOIS. The property is more commonly known as: 525 East Lake Ave., Round Lake Beach, IL 60073.

On March 9, 2004, Esperanza assigned its Mortgage to the Mortgage Electronic Registration System's Inc. ("MERS"). On July 9, 2012 MERS assigned the Mortgage to the plaintiff in this instant action, the Bank of New York Mellon f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as trustee for the benefit of the certificateholders of Equity One ABS, Inc. Mortgage Pass-Through Certificates Series 2004-3 ("NY Mellon"). From March 2012 through the present, Murillo has failed to make monthly payments. There remains an outstanding balance of $136,681.49 as of January 8, 2013 with interest accruing on the unpaid principal balance at a rate of $24.73 per day, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by NY Mellon as a result of the default. NY Mellon filed this action for foreclosure on August 22, 2012. On July 15, 2013, NY Mellon filed a motion for summary judgment. In support of its motion NY Mellon filed an Affidavit of Debt by Diego Rojas ("Rojas"), an employee of Ocwen Loan Servicing, LLC, the company responsible for servicing Murillo's Mortgage. Murillo failed to file a proper Local Rule 56.1(b)(3)(B) response to NY Mellon's Local Rule 56.1(a)(3) statement of facts. However, in the response filed, Murillo challenges the Rojas affidavit as containing inadmissible hearsay.

**Legal Standard**

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard places the initial burden on the moving party to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986) (internal quotations omitted). Once the moving party meets this burden of production, the non-moving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id.*; *see also* Fed. R. Civ. P. 56(c). Typically, all inferences drawn from the facts must be construed in favor of the non-movant, but the Court is not required to draw every conceivable inference from the record. *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). Where the non-moving party has failed to respond to the motion for summary judgment, the Court departs from its usual posture of construing all facts in favor of the non-moving party; rather, the Court accepts as true all material facts contained in the moving party's statement of undisputed material facts. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir. 1994)

(internal citations omitted). However, "even if the opposing party completely fails to respond to a summary judgment motion, . . . the court still must ascertain that judgment is proper 'as a matter of governing law.'" *Id*. at 1112.

**Discussion**

Despite the fact that Murillo filed a response to NY Mellon's motion for summary judgment, because Murillo did not file a proper Local Rule 56.1(b)(3)(B) response to NY Mellon's Local Rule 56.1(a)(3) statement of facts or otherwise contest NY Mellon's facts, the Court accepts as true the facts set forth in NY Mellon's statement, viewing those facts and inferences in the light most favorable to NY Mellon. *See* L.R. 56.1(b)(3)(C); *see also Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009). Murillo's failure to comply with Local Rule 56.1 does not, however, result in an automatic judgment for NY Mellon. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). The ultimate burden of persuasion remains with NY Mellon to show that it is entitled to judgment as a matter of law. *Id*.

This suit is based on a contract, the interpretation of which is an issue of law to which summary judgment is well-suited if the terms are clear and unambiguous. *Lewitton v. ITA Software, Inc.*, 585 F.3d 377, 379-80 (7th Cir. 2009). Under Illinois law, to recover on a promissory note a plaintiff must show that "(1) a defendant executed the promissory note; (2) the plaintiff is the holder of the note; and (3) the defendant has no viable defense in order to recover on a promissory note." *Wells Fargo Bank, N.A. v. Morgan*, 2013 U.S. Dist. LEXIS 97432 (N.D. Ill. July 12, 2013) (citing *Land O'Lakes Purina Feed, LLC v. WelkCo, LLC*, No. 10 C 981, 2011 U.S. Dist. LEXIS 41659, 2011 WL 1465621, at *2 (S.D. Ill. Apr. 18, 2011)). Murillo does not challenge the fact that he executed the Note or that NY Mellon is the holder of the Note. Murillo also fails to contest or respond to any of the facts listed in NY Mellon's Local Rule 56.1(a)(3) statement of facts. Murillo's only argument is that the Affidavit of Debt used to support NY Mellon's summary judgment motion sets forth facts that amount to inadmissible hearsay.

Under Federal Rule of Civil Procedure 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Federal Rule of Civil Procedure 56(c)(4) provides that an affidavit used to support a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Luster v. Illinois Dep't. of Corr.*, 652 F.3d 726, 731 n. 2 (7th Cir. 2011).

Murillo argues that the Rojas affidavit sets out facts that constitute hearsay. NY Mellon counters that Rojas' affidavit of debt demonstrates that Rojas' had personal knowledge of the records he reviewed and sets out facts that demonstrates that those records fall under the Federal Rule of Evidence 803(6) business records exception.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. *Jordan v. Binns*, 712 F.3d 1123, No. 11-2134, 2013 U.S. App. LEXIS 6783, 2013 WL 1338049, at *2 (citing Fed. R. Evid. 801(c)). In summary judgment proceeding, hearsay is inadmissible "to the same extent that it is inadmissible in a trial." *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Regularly kept business records, however are admissible under Rule 803(6) if certain conditions have been established and "shown by the testimony of the custodian or another qualified witness." Fed. R. Evid. 803(6). To qualify as a business record under Rule 803(6), "(1) the document must be prepared in the normal course of business; (2) it must be made at or near the time of the events it records; and (3) it must be based on the personal knowledge of the entrant or on the personal knowledge of an informant having a business duty to transmit the information to the entrant." *Krawczyk v. Centurion Capital Corp.*, No. 06 C 6273, 2009 U.S. Dist. LEXIS 12204, 2009 WL 395458, at *4 (N.D. Ill. Feb. 18, 2009) (quoting *Datamatic Servs., Inc. v. United States*, 909 F.2d 1029, 1032 (7th Cir. 1990)). Moreover, the primary emphasis of Rule 803(6) is ultimately that "neither the source of information nor the method of circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6). To qualify as a business record, the witness need not have created the records about which she is testifying. *See Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006). At summary judgment, "the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial" such as a custodian or otherwise qualified witness who can "speak from personal knowledge that the documents were admissible business records." *Thanongsinh*, 462 F.3d at 777 (quoting *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000)).

Here, although Rojas did not create the records relied on in his affidavit, as a contract management coordinator at Ocwen Loan Servicing, LLC ("Ocwen"), he attests to his personal knowledge of Ocwen's procedures and records concerning loan payments, collections, and delinquencies. Rojas' further attests to NY Mellon's ownership of the loan and that (1) the servicing records were made at or near the time by, or from information provided, persons with

knowledge of the activity and transactions reflected in the records; (2) the records are kept in the ordinary course of Ocwen's regular business activity; and (3) it was Ocwen's regular practice to make and update its servicing records.  Rojas also attests to the amounts due on the Note including charges associated with escrow, late charges, unpaid interest, and reimbursable expenses.  Lastly, Rojas attached a printout of Ocwen's regularly maintained Servicing Record, which provides details including the loan number, the loan's interest rate, the principal balance, and the payments on which Murillo has defaulted.

Upon review of Rojas' affidavit, the Court finds that Rojas' is qualified to testify at trial based on his personal knowledge that the documents attached to his affidavit are proper business records.  Accordingly, the affidavit is appropriate summary judgment evidence.  The Court finds that the defendants have breached their agreement under the Note and Mortgage, and are in default.  NY Mellon has exercised its right to require payment of the debt, as well as to recover its expenses and attorneys' fees.  There is no dispute as to the evidence or the legal conclusions to be drawn therefrom.  Accordingly, the Court finds that NY Mellon is entitled to summary judgment and an order of foreclosure.

**Conclusion**

NY Mellon's motion for summary judgment and order of foreclosure is granted.  NY Mellon's motion to appoint a special commissioner is also granted.


IT IS SO ORDERED.
_____
Date: February 25, 2014

_____
Sharon Johnson Coleman
United States District Judge